**MOTOR FREIGHT EXPRESS v. UNITED STATES et al.**

No. 3905.

District Court, E. D. Pennsylvania.

April 30, 1945.

Charles E. Cotterill, of New York City, and Harold S. Shertz, of Philadelphia, Pa., for plaintiff.

Edward Dumbauld, Sp. Asst. to Atty. Gen., Wendell Berge, Asst. Atty. Gen., and Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., for the United States.

Allen Crenshaw, of Washington, D. C., and Daniel W. Knowlton, Chief Counsel, of Washington, D. C., for Interstate Commerce Commission.

Before BIGGS, Circuit Judge, and KALODNER and BARD, District Judges.

BARD, District Judge.

Defendants move to dismiss this action for lack of jurisdiction. Plaintiff instituted the action to annul and enjoin enforcement of (1) an order of the Interstate Commerce Commission entered March 14, 1944, denying plaintiff's application for a certificate of authorization for certain suburban area services, and (2) an order of the Commission entered July 26, 1944, denying a petition for reconsideration which sought dismissal of the application for the reason that a certificate authorizing these services was unnecessary. Plaintiff's chief complaint concerning this second order is that the Commission dismissed the petition for reconsideration without comment and that in the order the Commission did not state affirmatively that a certificate authorizing these additional services was unnecessary.

Plaintiff, a Pennsylvania corporation, operates as an interstate motor common carrier under a "grandfather certificate."[1] This certificate authorizes interstate motor carrier operations to and from Harrisburg, Lancaster, Reading and York, Pennsylvania, and suburban areas thereof within fifteen miles; Pottsville, Pennsylvania, and within five miles thereof; New York City, and within twenty-five miles thereof; Philadelphia, Pennsylvania and Baltimore, Maryland without the inclusion of any surrounding suburban area.

Plaintiff is a wholly owned subsidiary of the Baltimore Transfer Company, another interstate common carrier by motor vehicle, operating under a Commission certificate. This certificate authorizes, inter alia, operations in, to and from Philadelphia, and within five miles thereof, and Baltimore, and within ten miles thereof. The parent and subsidiary corporations operate interlocking terminals at Philadelphia and Baltimore under a system whereby the pick-up and delivery service for plaintiff in these cites is handled by the Baltimore Transfer Company. This operation re-

quires no appreciably greater expense to plaintiff than might be incurred in a single line transfer operation with pick-up and delivery service. However, plaintiff must exercise care to re-bill each consignment to and from the parent corporation, so that pick-up and delivery operations in Philadelphia and Baltimore are, at all times, under the billing of the Baltimore Transfer Company. Those instances where plaintiff fails to re-bill the merchandise to or from the Baltimore Transfer Company in conjunction with pick-up and delivery service in the named areas, plaintiff fears, may be in technical violation of its certificate of authorization and may subject it to criminal or civil penalties under the Act.

On August 14, 1943 plaintiff filed an application with the Commission under Section 206(a) of the Act, 49 U.S.C.A. § 306(a), to obtain a certificate authorizing trucking service in suburban areas within five miles of Philadelphia and within ten miles of Baltimore. After hearings, the Commission denied the application because plaintiff failed to prove the proposed extension of service would be required by public convenience and necessity.

Plaintiff then filed a petition for reconsideration which, in essence, admitted plaintiff's failure to prove the requisite public convenience and necessity. Plaintiff asserted, however, that it had a right, as a matter of law, to serve the suburban areas surrounding its terminals under the original "grandfather certificate" and asked that upon reconsideration the Commission dismiss the application for the extension certificate on the ground that no new certificate was required. This petition for reconsideration was denied without comment by order of the Commission.

Plaintiff now files this complaint to annul and enjoin these orders under the Urgent Deficiencies Act, October 22, 1913, c. 32, 38 Stat. 219, 28 U.S.C.A. § 41 (28). Contention is made that the refusal of the Commission to determine whether the original certificate authorized pick-up and delivery operations in suburban areas surrounding the Philadelphia and Baltimore terminals is, in effect, a negative order forbidding operations in those areas and, therefore, within the purview of review by this court.

---

[1] Interstate Commerce Act, February 4, 1887, c. 104, Part II, § 206(a), as added August 9, 1935, c. 498, 49 Stat. 551, and last amended September 18, 1940, c. 722, Title I, § 20(e), 54 Stat. 923, 49 U.S.C.A. § 306(a).

240

The position taken by the Commission is undoubtedly correct. The power of the Commission to grant certificates is limited by Section 207(a) of the Act, 49 U.S.C.A. § 307(a), to instances where the proposed service "is or will be required by the present or future public convenience and necessity." When application for a certificate is made, the Commission is entitled to assume that the application is properly made by a carrier who, under the provisions of the Act, requires a certificate, and the Commission need then pass only on the question of the necessity to the public of the additional service sought. The Act does not require the Commission to determine, under its authority to grant certificates, whether an original certificate will sustain additional operations proposed by a carrier.

The tests controlling judicial review of administrative orders under the Urgent Deficiencies Act, 38 Stat. 208, 219, were defined by the Supreme Court in United States v. Los Angeles & S. L. R. Co., 273 U.S. 299, 309, 310, 47 S.Ct. 413, 414, 71 L.Ed. 651, 655. The Court there held: "* * * there are many orders of the Commission which are not judicially reviewable under the provision now incorporated in the Urgent Deficiencies Act. * * * The so-called order here complained of is one which does not command the carrier to do, or to refrain from doing, any thing; which does not grant or withhold any authority, privilege, or license; which does not extend or abridge any power or facility; which does not subject the carrier to any liability, civil or criminal; which does not change the carrier's existing or future status or condition; which does not determine any right or obligation." The tests for review, thus announced, are not satisfied in the instant case. The gravemen of plaintiff's complaint is the refusal of the Commission to pre-determine the scope of plaintiff's "grandfather certificate." This order of the Commission did not deny plaintiff's right, if there be any, to operate in the suburban areas but merely refrained, in the proceeding then before the Commission, from an affirmative declaration that such right existed. It is true the order refuses to relieve plaintiff of possible liability under Section 222 of the Act[2] for exceeding the scope of its certificate authorization. But this imposes no greater burden on plaintiff than is imposed on other carriers who must operate, at their peril, if they exceed the limits of authorized service.

Since the order of the Commission does not, of itself, adversely affect any present right of the plaintiff it is, therefore, a "negative order" of an administrative body without the scope of review by this court. Rochester Telephone Corporation v. United States, 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147. The Commission may, if it wishes, institute civil or criminal proceedings under Section 222 of the Act, to determine the legality of suburban operations by the plaintiff under the certificate which plaintiff now holds. Such action by the Commission will squarely place in issue the contention which plaintiff here asserts. To determine that issue in this action would be nothing more than an advisory opinion. Such suits are considered beyond the province of this court to which the Constitution granted "* * * judicial Power [to determine] Cases [and] Controversies * * *." Art. III, Section 2, United States Constitution. United States v. Ferreira, 13 How. 40, 14 L.Ed. 42.

The Commission was not required to determine plaintiff's request, nor does this court have jurisdiction to provide an answer in the present action. The motion to dismiss for want of jurisdiction is granted.

