## TAYLOR v. SMITH.
### No. 9507.

Circuit Court of Appeals, Seventh Circuit.
May 3, 1948.

Ira J. Covey, of Peoria, Ill., for appellant.

F. B. Brian, of Toulon, Ill. and Harry C. Heyl, of Peoria, Ill., for appellee.

Brian & Wilson, of Toulon, Ill., counsel for defendants-appellees.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This is an action by plaintiff, a resident of Illinois, against defendants, also residents of Illinois, in which plaintiff seeks only to partition one hundred acres of land located in Peoria County, Illinois. In the District Court defendants asserted that under the allegations of the complaint, the court lacked jurisdiction, and moved to dismiss the complaint. The court sustained the motion and dismissed the complaint.

Concededly, no diversity of citizenship exists. Nevertheless, plaintiff contends that the court had jurisdiction because, so it is said, the matter in controversy arises under a law of the United States, hence there is federal jurisdiction under 28 U.S.C.A. § 41(1), which authorizes the federal district courts to try "suits of a civil nature" where the matter in controversy "arises under the Constitution or laws of the United States."

To bring a case within the statute the right created by the laws of the United States must be an essential element of plaintiff's cause of action. The right must be such that it will be supported if the laws of the United States are given one construction or effect, and defeated if they receive another. But a genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70.

In our case the complaint alleged that plaintiff was the owner of an undivided one-third interest, in fee simple, of the land described, the title to which he obtained through a sale made by a trustee in bankruptcy, and that there was involved a federal question under § 70 of the Bankruptcy Act, 11 U.S.C.A. § 110.

There was, however, no request for the construction of any law of the United States; the complaint, as already noted, prayed only for partition of the land. In such a situation the mere fact that the title to the land was obtained from a trustee in bankruptcy does not create the existence of a federal question. Avery v. Popper, 179 U.S. 305, 21 S.Ct. 94, 45 L.Ed. 203. Setting out the source of plaintiff's title was unnecessary, and the allegation that the title came from a trustee in bankruptcy did not, for that reason merely, raise a federal question. Joy v. City of St. Louis, 201 U.S. 332, 340, 26 S.Ct. 478, 50 L.Ed. 776.

But plaintiff insists that his complaint alleged "that the defendants claim that the plaintiff by virtue of said sale of said real estate * * *, took no title to said real estate under the deed made by said Trustee in Bankruptcy * * *." Even so, before the jurisdiction of the District Court can be maintained on the ground that a federal question is involved, it must appear that the federal question is one in substance and not in mere assertion, and "this must appear from the plaintiff's statement of his own claim, and cannot be aided by allegations as to the defenses which might be interposed." Devine v. Los Angeles, 202 U.S. 313, 333, 26 S.Ct. 652, 657, 50 L.Ed. 1046. In other words, it must appear from the complaint, unaided by any anticipation or avoidance of defenses, First National Bank v. Williams, 252 U.S. 504, 512, 40 S. Ct. 372, 64 L.Ed. 690; Gully v. First National Bank, supra, p. 113 of 299 U.S., 57 S.Ct. 96, 81 L.Ed. 70, that the controversy is one of which the District Court, at the time its jurisdiction is invoked, can properly take cognizance. If it does not so appear, then the court must dismiss the suit. It cannot retain it in order to see whether the defendants may raise some question of a federal nature upon which the right to proceed will finally depend. Tennessee v. Union and Planters' Bank, 152 U.S. 454, 461, 14 S.Ct. 654, 38 L.Ed. 511.

For the reasons stated, the judgment of the District Court will be affirmed. It is so ordered.