**LYONS et al. v. DEHON et al.**

No. 13211.

United States Court of Appeals
Fifth Circuit.

April 20, 1951.

Carroll Dunscombe, Stuart, Fla., for appellant.

T. T. Oughterson, M. G. Littman, and Harry F. Dyer, all of Stuart, Fla., Thad H. Carlton, Fort Pierce, Fla., Murray W. Overstreet, Kissimmee, Fla., for appellee.

Before HOLMES, BORAH and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order dismissing a cause that arose under a special Act of the Florida Legislature, passed in 1949, amending the charter of Stuart City. The amendment provided for a change in the requirements for recalling elected city officials, and specified that a referendum election should be called to ratify or reject such amendment. The governing body of Stuart City was divided on the question as to whether or not the referendum election should be held, and the majority vote necessary for the adoption of a resolution calling for the election could not be obtained. A petition for a writ of mandamus to require the City Commissioners to call the referendum was prepared and signed by 75 registered voters and presented to Circuit Judge M. B. Smith, who issued the writ.

Henry P. Lyons, along with the other appellants in this case, selected six signers of the mandamus petition, together with Circuit Judge Smith and four members of the City Commission, and made them defendants in a complaint alleging, in substance, that there was a conspiracy by such named individuals and the Circuit Judge to deprive them, the plaintiffs-appellants, of their civil rights. On proper motion, the lower court dismissed the com-

plaint, stating that the appellees were acting within their rights in presenting the petition to the Circuit Judge; that the judge was acting within the realm of his jurisdiction in issuing the writ; that the matters complained of were the subject of state court jurisdiction; and that the complaint set forth no violation of civil rights.

Without attempting to decide this case on its merits, we need only to say that we do not have jurisdiction to try the issues involved in it. We are of the opinion that the allegations of the complaint are not sufficient to confer jurisdiction on a federal court. This is purely a matter of state court jurisdiction. Cf. Lyons v. Baker, 5 Cir., 180 F.2d 893.

The judgment appealed from is affirmed.

Affirmed.