### STANDARD RIVERSIDE CO. v. LOEW'S, Inc.

#### Civ. A. 5518.

United States District Court
E. D. Wisconsin.

July 18, 1952.

Shea & Hoyt by Ralph M. Hoyt, Milwaukee, Wis. (Charles F. Puls, Jr., Milwaukee, Wis., of counsel), for plaintiff.

Thomas C. McConnell, Chicago, Ill. (William H. Bowman, Milwaukee, Wis., of counsel), for defendant Milwaukee Towne Corp.

Fairchild, Foley & Sammond by Steven E. Keane, Milwaukee, Wis., for defendants.

TEHAN, District Judge.

Plaintiff corporation is the operator of the Riverside motion picture theatre in the downtown district of Milwaukee, Wisconsin. Defendant corporations are distributors and licensors of motion picture films, with the exception of the defendants Milwaukee Towne Corporation, Warner Bros. Circuit Management Corporation and Warner Bros. Theatres, Inc., which are motion picture theatre operators like the plaintiff.

In the complaint, as amended, plaintiff alleges that the action arises under sections 1, 4 and 7 of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1, 4, 7; sections 4 and 12 of the Clayton Anti-Trust Act, 15 U.S.C.A. §§ 15, 22; sections 1331 and 1337 of the Judicial Code, 28 U.S.C. §§ 1331, 1337; and under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202.

In the prayer for relief, plaintiff asks this court, first, to enter judgment, adjudging and declaring the true intent and meaning of the decree entered on January 25, 1952 by the United States District Court for

the Northern District of Illinois, Eastern Division, in the action entitled, "Milwaukee Towne Corporation v. Loew's Incorporated et al." (Case No. 48 C 1088), to be that the defendant distributors are required to afford to all first-run theatres in the city of Milwaukee, not affiliated with said defendants, an equal opportunity to negotiate for, and to obtain on an equal basis at fair and reasonable rentals, all motion picture films of said defendants which are to be licensed for first-run exhibition in said city; second, adjudging and declaring that said decree affords no justification for the defendant distributors in granting any preference to the Towne Theatre over any other first-run theatre in the city of Milwaukee not affiliated with any of said defendant distributors with respect to the licensing of motion picture films for first-run exhibition in said city; and third, adjudging and declaring that to the extent that any of the defendant distributors may accede to the demand of the Towne Theatre that pictures offered by such defendants for first-run exhibition in Milwaukee shall be offered to the Towne Theatre for exclusive first-run exhibition without regard to any other bids or offers which may be received from any other theatre for such pictures and without permitting any other theatre to compete against the Towne Theatre for the licensing of such pictures, such defendant distributors and the Milwaukee Towne Corporation will be acting in violation of the anti-trust laws of the United States, and that plaintiff will have a right of action against them for such relief as is afforded by the anti-trust laws.

The defendant, Milwaukee Towne Corporation, has moved to dismiss the complaint upon the ground, first, that the court has no jurisdiction of the subject-matter so far as the Sherman Anti-Trust Act is concerned because no relief is asked as provided in the statute either for injunctive relief or for treble damages, and no other relief is provided in the Act; second, that no diversity of citizenship is shown, and the complaint shows that both plaintiff and the defendant Towne corporation are residents and citizens of Wisconsin; and third, that the subject-matter of the suit is within the exclusive jurisdiction of the District Court of the United States for the Northern District of Illinois, in that it was so provided in the decree of that court which plaintiff seeks to here have construed.

■ Since the plaintiff makes no claim that diversity exists, the plaintiff and the defendant Milwaukee Towne Corporation, both being Wisconsin corporations, no further consideration will be given it as a possible basis for federal jurisdiction.

■ It is clear that the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, is a procedural statute only and of itself forms no basis for federal jurisdiction. It adds only an additional remedy for cases which are otherwise within the jurisdiction of the federal courts. McCarty v. Hollis, 10 Cir., 120 F.2d 540; Davis v. American Foundry Equipment Co., 7 Cir., 94 F.2d 441, 115 A.L.R. 1486.

■■ It seems clear also that this is not an action arising under any law of the United States, nor is the Constitution or a treaty here involved. Plaintiff does not seek the remedies provided in the Sherman or Clayton Acts, nor does the cause which it asserts require a determination of the validity, construction or effect of such laws. Instead, what it seeks is once removed from those statutes, in that the relief plaintiff asks of this court is to interpret the decree of another court which, in turn, interprets those Acts. As the Court of Appeals of this Circuit said in the case of Taylor v. Smith, 7 Cir., 1948, 167 F.2d 797, 798, 12 A.L.R.2d 1,

"To bring a case within the statute the right created by the laws of the United States must be an essential element of plaintiff's cause of action. The right must be such that it will be supported if the laws of the United States are given one construction or effect, and defeated if they receive another. But a genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto."

The first two paragraphs of plaintiff's amended prayer for relief, as stated previously, require a construction not of the law, but rather of the decree of another court which, in turn, interprets the law.

Apparently recognizing and attempting to meet and overcome the jurisdictional difficulties which it was facing, plaintiff omitted mention of the Illinois District Court decree in the third paragraph of the amended prayer for relief. Instead, plaintiff there asked the court to adjudge and declare that to the extent the defendants might embark upon a certain course of conduct, such defendants would be acting in violation of the anti-trust laws and plaintiff could have a right of action against them. However, the difficulty there is, as pointed out in Taylor v. Smith, supra, and as required by the plain language of the Declaratory Judgments Act, in order to fulfill jurisdictional requirements, it is necessary that a genuine and present controversy, not merely a possible or conjectural one, must exist.

The third argument made by defendant, Milwaukee Towne Corporation, in support of its motion to dismiss raises an additional question of jurisdiction. Section XI of the injunction entered by the United States District Court for the Northern District of Illinois, Eastern Division, in the action entitled, "Milwaukee Towne Corporation v. Loew's Incorporated et al." (Case No. 48 C 1088) originally provided as follows:

"Jurisdiction of this cause is retained for the purpose of enabling any of the parties to this decree, *and no others,* to apply to the Court at any time for such orders or direction as may be necessary or appropriate for the construction or carrying out of the same or for the enforcement of compliance therewith, and for the punishment of violations thereof or for ancillary, further or supplemental relief." (Emphasis added.)

Upon appeal to the Court of Appeals for the Seventh Circuit, plaintiff in this present action was granted permission by the Court of Appeals to file a brief amicus curiae. Section XI of the decree was modified by the Court of Appeals in the following language, 7 Cir., 190 F.2d 561, 572:

"The words 'and no others' should be eliminated from this section. It is not difficult to visualize that the enforcement of this decree with its many sweeping and drastic provisions may result in injury to parties, particularly independent theatres, who are not and never have been tainted with the conspiracy found. Already we have noted the complaint made by Riverside. There may be others; we do not know. But the point is that any such party should not be foreclosed from making an appeal to the court. It will be time enough, when and if such an appeal is made, to determine its validity."

Thus, it was upon the intervention of the plaintiff itself that the decree was modified so as to allow plaintiff to petition for a construction from the United States District Court in Illinois.

Plaintiff argues that the decree, as modified, even in the light of the circumstances surrounding the modification, does not bar this court from assuming jurisdiction, relying upon the cases of South Side Theatres, Inc., v. United West Coast Theatres Corporation, 9 Cir., 178 F.2d 648, and New England Theatres, Inc., v. Lausier, D.C., 86 F.Supp. 852, in support of its position.

In the New England Theatres case, however, the court pointed out that the decree which gave rise to that case, issued in United States v. Paramount Pictures, Inc., D.C., 66 F.Supp. 323, as modified, D.C., 70 F.Supp. 53, included the specific ruling that "'jurisdiction of this cause is retained for the purpose of enabling any of the parties to the judgment, *and no others,* to apply to the court at any time for such orders or direction as may be necessary * * *.' (Emphasis added.) [86 F.Supp. 854]"

The South Side Theatres case involved the legality of an existing contract under the anti-trust laws, with construction of those laws essential to the case. The court properly stated, 178 F.2d 648, 651,

"An action in which the court is asked to declare a contract illegal under the Sherman Act and that the defendants are engaged in unlawful restraint of trade presents a federal question sufficient to give a district court jurisdiction. * * *"

As pointed out in the footnote 178 F.2d on page 651 (apparently to set at rest the question of jurisdiction), the case of United States v. Paramount Pictures, Inc., was cited in the complaint only as authority for holding that the contract in suit was illegal. The additional fact that the court in the Paramount Pictures case retained jurisdiction to enable parties to the judgment only, and no others, to apply for necessary orders or directions apparently was not necessary to help decide the question of jurisdiction raised in the South Side Theatres case and was not mentioned in the opinion.

■ Completely apart from the issue of whether or not this court has jurisdiction over the subject-matter of the action, and assuming that it has, there is the further serious question of whether such jurisdiction should be exercised in the sound discretion of the court, particularly in view of the amended decree and the events leading up to it. While pendency of another proceeding in which relief can be granted does not necessarily preclude the maintenance of a suit for declaratory judgment, the granting or disallowing of declaratory relief is within the sound discretion of the court. Piedmont Fire Ins. Co. v. Aaron, 4 Cir., 138 F.2d 732.

In discussing the question of the propriety of declaratory judgments which would impinge upon an action pending before another court, in the case of Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 325, the court said:

"Whether the remedy shall be accorded one who petitions for it is a matter resting in the sound discretion of the trial court, to be reasonably exercised in furtherance of the purposes of the statute. It should not be accorded, however, to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted. * * * 'The court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances. In these cases it is neither necessary nor proper to issue the declaration.' "

■ Under all of the circumstances, the exercise of sound judicial discretion requires this court to decline to issue the declaration sought by the plaintiff.

In exercising the discretion which this court believes it has, the court is not unmindful of the vast amount of time, money and skill that was entailed in preparing for the trial of the Illinois action, which, in itself, lasted weeks, and the mass of the evidence heard, read and studied by the trial judge in the preparation of the decree. It does not appear that the decree in question could be passed upon and construed by another court without the complete background which the trial court had at the time that the decree was issued. Plaintiff herein was successful by brief amicus curiae in having the original decree so altered that it may now apply to the district court in Illinois. This court is confident that that court will see that justice is done for all parties concerned.

The court is of the opinion that the motion of the defendant Milwaukee Towne Corporation, to dismiss the complaint should be granted, and counsel for said defendant will draw an order in conformity with this opinion.