### McGUIRE et al. v. TODD et al.

### No. 13949.

United States Court of Appeals
Fifth Circuit.

June 30, 1952.

Writ of Certiorari Denied Oct. 13, 1952.

See 73 S.Ct. 44.

L. L. McGuire, in pro. per.

Lenore McGuire, in pro. per.

H. P. Kucera, City Atty., Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

Appellants, citizens of Dallas, Texas, brought this suit against defendants,[1] officers and employees of said city, acting as such, for alleged violations of their civil rights and for damages[2] claimed to have resulted therefrom.

The gist of the complaint,[3] to which as an exhibit there was attached Ordinance No. 4370, the fire code of the City of Dal-

1. A. W. Todd, Fire Inspector; F. W. Rhea, Fire Inspector; W. G. Burns, Fire Marshal; Frank O'Brien, Corporation Court Judge; W. K. Chapman, Assistant City Attorney; Robert McBean, Assistant City Attorney; H. P. Kucera, City Attorney.

2. The complaint alleged in part:

24. Plaintiffs first filed a damage suit against defendants Todd, Rhea and Burns in the 14th District Court of Dallas County, Texas. Defendant Kucera and his assistants for and in behalf of the City of Dallas, in their capacities as city attorneys, answered, alleging in substance that the firemen were not responsible for misdeeds of Corporation Court and the city attorneys; and that the firemen "were merely performing their duties as Fire Inspectors of the Fire Department of the City of Dallas, such duties having been imposed upon them by the provisions of the Fire Code of the City of Dallas", and that their conduct was legal in all respects. Whereupon plaintiffs, after delay had suit dismissed without prejudice, and now bring this complaint.

25. As result of defendants' wrongs both plaintiffs have been humiliated and injured. Lenore McGuire has suffered mentally and physically during and after the period she was unjustly under bail and under the jurisdiction of the Criminal Courts, L. L. McGuire has had to spend $200 in legal fees, law books, incidentals and traveling expenses in defense of his home and defending his mother. A building contractor with small jobs in Texas and Louisiana during this period, he has been subjected to worry and severe mental strain in his futile and frustrated attempt to keep these defendants from overrunning his home and un-

justly punishing his mother, and keeping up with his work. His damage in penalties and loss of profits on his jobs as a result of defendants wrongs is $2000.

Wherefore premises considered Lenore McGuire asks judgment for $6000 actual and $3000 exemplary damages, and L. L. McGuire $2200 special, $4000 actual and $3000 exemplary damages, of these defendants, jointly and severally.

3. Among other things the complaint alleged:

5. All acts and omissions of defendants related in this complaint were committed in their official capacities as Dallas municipal officers, position or place holders, agents and employees, in the exercise of the authority with which they were clothed by the statutes, ordinances, rules of City of Dallas, and State of Texas; and defendants were acting under the laws of said city and state creating their respective offices, places, positions, and prescribing the duties thereof. All acts and omissions of defendants were under color and pretense of statutes, ordinances, codes, regulations, customs and usages of City of Dallas and State of Texas and constituted state action within the meaning of the 14th Amendment and applicable laws of United States, as construed by the Courts. Defendants now and at all times have claimed said acts and omissions were legal and within the scope of the authority vested in them by aforesaid statutes, etc. and were committed under color of law.

7. Each defendant knew the wrongs alleged in this complaint were about to be committed before they actually were and knew they were illegal, and had the power to prevent or aid in preventing the commission of same, but neglected or refused to do so, and each defendant did not exercise reasonable diligence in prevent-

las, was: that the City Attorney, the Judge of the Corporation Court, two Assistant City Attorneys, two Fire Inspectors and the Fire Marshal, entered into a conspiracy to deprive the Appellants of their civil rights, in that the two Fire Inspectors entered upon the premises of appellant L. L. McGuire and demanded the right to inspect the garage and shed on the premises for fire hazards; that as a result of refusal to permit the inspection, appellant L. L. McGuire's mother was charged in Corporation Court, by complaint sworn to before a notary public, of hindering and refusing to permit the inspection, was convicted in the Corporation Court, and, on appeal to the County Criminal Court, the complaint was later dismissed; that in the meantime the defendant Rhea returned and, over protest, inspected the garage.

The defendants moved to dismiss (1) for want of jurisdiction; (2) for failure to state a recoverable claim; and (3) because of the immunity of the officials involved; and, subject to their motion to dismiss, filed an answer denying plaintiff's charges of malice and conspiracy, and setting up their defenses that they were acting in the discharge of their public duties, and, because they were, they were immune from suit.

The district judge heard the motion to dismiss, granted it, and dismissed the complaint. Plaintiffs, appealing from the order, are here insisting, upon the authority of cases cited [4] by them, that it was wrongly entered and must be reversed.

Defendants, on their part, upon the authority of cases cited [5] by them, insist that the judgment was right and should be affirmed. We agree.

ing or aiding in preventing these acts and omissions.

10. Defendant H. P. Kucera is and was at all times herein the duly appointed and acting Dallas City Attorney, with powers as set out in Charter and Statutes of Texas. On or about Nov. 2, 1948, the City Council of Dallas, duly acting in compliance with law, enacted ordinance 4370, known as the fire code, a copy of which is attached as Exhibit B. Art. 34 of said code is unconstitutional in that it deprives citizens of Dallas of the first two civil rights enumerated in paragraph 4 of this complaint. Defendant Kucera, negligently, knowingly, wilfully, and with the intentional purpose of depriving Dallas citizens and these plaintiffs of their constitutional rights, approved said ordinance and failed to file pertinent obligations thereto, or to advise the council that Article 34 was unconstitutional.

Said ordinance is unconstitutional and void and was enforced against plaintiffs in an unconstitutional and discriminating manner, and defendants as agents of the City of Dallas, acting under the ordinance have deprived plaintiffs of those rights set out in paragraph 4.

18. Upon said complaint, on or about July 26, 1950, Lenore McGuire was prosecuted by defendant McBean and tried by Judge O'Brien and found guilty. Judgment was rendered that the State of Texas recover $35 for the benefit of City of Dallas and that in default of payment that she be committed to the custody of the Dallas Chief of Police. The trial was a sham and pretense and conducted with the purpose of frightening and de-

priving the plaintiffs of the constitutional rights enumerated in paragraph 4. Defendant Todd testified against Lenore McGuire. Rhea attended the trial although he took no part in the proceedings. Defendants Chapman, McBean, Todd, Rhea, O'Brien knew and were fully aware or should have, during the trial and thereafter that:

(1) Art. 34–7, Ordinance 4370 was unconstitutional as applied to these plaintiffs and was not a penal ordinance.

(2) There was no law making it a penal offense to refuse entry to a home or curtilege.

(3) The Texas and Federal Constitutions protected plaintiffs' home from unreasonable entry of these defendants.

(4) Lenore McGuire did not own or control the premises in question and had been instructed to refuse entry to defendant.

With full knowledge of the above facts, Judge O'Brien found Lenore McGuire guilty.

4. Some of which are: Burt v. City of New York, 2 Cir., 156 F.2d 791; District of Columbia v. Little, 85 U.S.App.D.C. 242, 178 F.2d 13, 13 A.L.R.2d 954; Hague v. C. I. O., 3 Cir., 101 F.2d 774; Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423; Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281; McShane v. Moldovan, 6 Cir., 172 F.2d 1016; Picking v. Penn. Ry., 3 Cir., 151 F.2d 240; Brandhove v. Tenney, 9 Cir., 183 F.2d 121, reversed in 341 U.S. 367, 71 S. Ct. 783, 95 L.Ed. 1019.

5. Some of which are: our three cases of Lyons v. Baker, 5 Cir., 180 F.2d 893;

We shall not, in the present confused and confusing state of the law, attempt to mark out the general scope and sweep of the civil rights statutes appellants invoke. Neither shall we, other than as our other opinions and this one have done, and may do, it for us, range ourselves on the one side or the other of the general struggle to so extend the scope of these statutes, that, upon the mere allegation, in a suit for damages, of conspiracy, fraud, or malice, every suit in a state court may be subjected to retrial, and every action of a state officer, in the discharge of the duties of his office, may be re-examined in the federal court.

Examples of cases in which it is contended that a Court of Appeals has gone almost, if not quite, that far, are the Picking case from the Third Circuit, the McShane case from the Sixth Circuit, and the Brandhove case from the Ninth Circuit, note 4, supra.

Examples of cases, in which it is claimed that opposing views to these have been maintained, are cited in note 5, supra, and in note 12 of Stefanelli v. Minard, supra.

██ It is sufficient for us in this case to say: that, as other courts have done, we disregard, as mere conclusions, the loose and general, the factually unsupported, characterizations of the complained of acts of the defendants, as malicious, conspiratorial, and done for the purpose of depriving plaintiffs of their constitutional rights; that the things defendants are alleged to have done, as distinguished from the conclusions of the pleaders with respect to them, do not constitute a deprivation of the civil rights of plaintiffs, do not give rise to the cause of action claimed; and that the judgment dismissing the complaint should be affirmed.

Affirmed.

Givins v. Moll, 5 Cir., 177 F.2d 765; and Lyons v. Dehon, 5 Cir., 188 F.2d 534; and Moffett v. Commerce Tr. Co., D.C., 87 F.Supp. 438; affirmed 8 Cir., 187 F. 2d 242; Viles v. Symes, 10 Cir., 129 F. 2d 828; Yaselli v. Goff, 2 Cir., 12 F.2d 396, 56 A.L.R. 1239, affirmed 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395; Phelps v. Dawson, 8 Cir., 97 F.2d 339, 116 A. L.R. 1343; Bottone v. Lindley, 10 Cir., 170 F.2d 705; Cooper v. O'Connor, 69

App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440; Campo v. Niemeyer, 7 Cir., 182 F.2d 115; Brown v. Rudolph, 58 App. D.C. 116, 25 F.2d 540; Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L. Ed. 497; Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019; Shemaitis v. Reid, 7 Cir., 193 F.2d 119. Cf. Stefanelli v. Minard, 342 U.S. 117, at 121, 72 S.Ct. 118; Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253.