### YGLESIAS v. GULFSTREAM PARK RACING ASS'N, Inc.

No. 14072.

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1953.

Herbert A. Warren, Jr., J. M. Flowers, Hilton R. Carr, Jr., Miami, Fla., for appellant.

W. G. Ward, Ward & Ward, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

Appellant, plaintiff below, seeks damages for the alleged deprivation of rights and immunities secured to her by the Fourteenth Amendment to the United States Constitution. The complaint expressly alleges that the action is based upon 8 U.S. C.A. § 43. Federal jurisdiction is claimed under 28 U.S.C.A. § 1343. The district judge, upon authority of Charlton v. City of Hialeah, 5 Cir., 188 F.2d 421, dismissed the cause "for lack of jurisdiction over the subject matter," apparently because the complaint did not state a cause of action within 8 U.S.C.A. § 43, and no other ground of federal jurisdiction is asserted.

Paragraphs 4, 5 and 6 of the complaint, which are in the nature of substantive counts, charge in effect that the defendant, Gulfstream Park Racing Association, a corporation, its agents or employees, acting under color of the laws of Florida, did subject the plaintiff, or cause her to be subjected, to a deprivation of rights secured by the Constitution of the United States by causing her to be falsely imprisoned for an unreasonable period of time without bond, and without an opportunity to confer with counsel, and caused her to be put to

trial on a criminal charge "by trick or fraud" without reasonable opportunity to prepare for trial, thereby depriving her of her liberty without due process of law, and of the right to have a fair trial conducted in accordance with due process of law.

Paragraphs 7 and 8 of the complaint are in the nature of conspiracy counts. They charge in effect that the defendant, its agents or employees, did "conspire and agree" with officers of the police department of the City of Hallendale, Florida, to subject her to the same deprivations charged in the substantive counts, and that the conspiracy and agreement was carried out by said state officers acting under color of the laws of Florida, and they "did falsely imprison and confine this plaintiff and deprived her of her liberty without due process of law."

Since Snowden v. Hughes, 321 U.S. 1, 11, 64 S.Ct. 397, 88 L.Ed. 497, 505, it has been said over and over again that it was not intended by the Fourteenth Amendment and the Civil Rights Acts that all matters formerly within the exclusive cognizance of the states should become matters of national concern. This was also recently pointed out by this court in Charlton v. City of Hialeah, 188 F.2d 421.

■ What we have in the substantive counts now before us is essentially a charge of false imprisonment, and perhaps malicious prosecution, to which has been added the factually unsupported allegation that plaintiff was thereby deprived of the right to due process, and other rights secured by the Fourteenth Amendment. It may be that the complaint alleges facts sufficient to support an action for false arrest or malicious prosecution. But to show that defendant deprived plaintiff of rights and immunities secured by the Fourteenth Amendment, or caused it to be done, or conspired to that end, plaintiff relies upon bare generalities and conclusions, unsupported by factual allegations. If this is sufficient, then every state court case of false imprisonment may be brought within federal jurisdiction by the mere unsupported assertion that as a consequence of such false imprisonment the plaintiff was deprived of due process, or of other rights secured by the Fourteenth Amendment. The decisions are to the contrary. It has frequently been held, and the rule is recognized in Bell v. Hood, 327 U.S. 678, 66 S. Ct. 773, 90 L.Ed. 939, 13 A.L.R.2d 383, that where the alleged claim under the Constitution or federal statutes clearly appears to be colorable, or made solely for the purpose of creating federal jurisdiction over what would otherwise be an action to vindicate a right arising only under state law, and no substantial facts establishing federal jurisdiction are alleged, mere conclusions asserting the violation of a constitutional right are insufficient. Lyons v. Weltmer, 4 Cir., 174 F.2d 473; Taylor v. Smith, 7 Cir., 167 F.2d 797, 12 A.L.R.2d 1; note 14 A.L.R.2d Text page 1100, et seq., McGuire v. Todd, 5 Cir., 198 F.2d 60, and the many cases cited in Note 5 to that opinion, particularly Givens v. Moll, 5 Cir., 177 F.2d 765; Bottone v. Lindsley, 10 Cir., 170 F.2d 705; Moffett v. Commerce Trust Co., 8 Cir., 187 F.2d 242. See also McCartney v. State of West Virginia, 4 Cir., 156 F.2d 739, and the note to Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, 13 A.L.R.2d text at page 485. Cf. Adams v. Terry, 5 Cir., 193 F.2d 600, 605, second column.

In McGuire v. Todd, supra, an action against city officers and employees, this court recently said: "It is sufficient for us in this case to say: that, as other courts have done, we disregard, as mere conclusions, the loose and general, the factually unsupported, characterizations of the complained of acts of the defendants, as malicious, conspiratorial, and done for the purpose of depriving plaintiffs of their constitutional rights; that the things defendants are alleged to have done, as distinguished from the conclusions of the pleaders with respect to them, do not constitute a deprivation of the civil rights of plaintiffs, do not give rise to the cause of action claimed; * * *." [198 F.2d 63.]

■ It is true that the conspiracy counts in this complaint bear a general similarity to the complaint in Bell v. Hood, supra. But 8 U.S.C.A. § 43, upon which this action is expressly based, does not purport to create a cause of action for conspiracy. It creates only a substantive right of action.

These conspiracy counts state no cause of action under 8 U.S.C.A. § 47(3), which relates to conspiracies, because that section, so far as here material, extends only to conspiracies to deny equality under the law, while the conspiracy counts here involved complain only of a conspiracy to deprive plaintiff of due process. These two propositions are quite distinct. They are not equivalents. Mitchell v. Greenough, 9 Cir., 100 F.2d 184; Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253; Moffett v. Commerce Trust Co., 8 Cir., 187 F. 2d 242; Whittington v. Johnston, 5 Cir., 201 F.2d 810; Allen v. Corsano, D.C., 56 F.Supp. 169.[1]

We leave undetermined the question whether the complaint should have been dismissed "for lack of jurisdiction over the subject matter." Even if the allegations of the complaint bring it within federal jurisdiction, compare Bell v. Hood, supra, the complaint clearly fails to state a claim for relief within the scope of 8 U.S.C.A. § 43, upon which it is expressly based, for which reason it was proper to dismiss it.

Affirmed.

RIVES, Circuit Judge (dissenting).

I dissent for the reasons stated in my dissenting opinion in Whittington v. Johnston, supra.

1. The final outcome of Bell v. Hood, supra, will be found at D.C., 71 F.Supp. 813, where the suit was dismissed because the complaint failed to state a cause of action, from which decision there was no appeal.