**MIDWEST COAST TRANSPORT,**
**Inc., Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

Civ. A. No. 929.

United States District Court
D. South Dakota.

Nov. 10, 1954.

Stordahl, May & Boe, Sioux Falls, S.D., for plaintiff.

James H. Durkin, Sp. Asst. to the Atty. Gen., Clinton G. Richards, U. S. Atty., Sioux Falls, S. D., for defendant.

MICKELSON, District Judge.

This matter is before the Court upon a motion to dismiss the complaint in the above entitled action, in which action plaintiff requests this Court to annul and set aside an order of the Interstate Commerce Commission, which order denied plaintiff's petition for a hearing to determine what commodities may be lawfully transported under the commodity description "fresh fruits and vegetables" in plaintiff's certificate of convenience and necessity and including in said petition a request for consolidation of said hearing with plaintiff's pending application for authorization to carry frozen foods. Plaintiff also asks the Court to enter a declaratory judgment interpreting and construing the provisions of said certificate and determining the rights, authorities and privileges of the petitioner thereunder.

A brief statement of the facts as disclosed by the pleadings and which appear to be undisputed are as follows:

On February 2, 1951 the Interstate Commerce Commission (hereinafter referred to as "the Commission") granted plaintiff a certificate of public convenience and necessity (MC 111812 Sub-No. 4) authorizing it, among other things, to engage in the transportation, over irregular routes, of fresh fruits and vegetables from Salt Lake City and points in Washington, Oregon and California to points in designated areas of Iowa, Minnesota and South Dakota.

By application (MC 111812 Sub-No. 7) filed with the Commission on December 12, 1951, and as later amended, the plaintiff herein sought a certificate of public convenience and necessity authorizing transportation as a common carrier by motor vehicle, over irregular routes, (1) of frozen foods requiring refrigeration, from points in California, Oregon and Washington to points in Iowa, Minnesota, Nebraska, North Dakota and South Dakota, and (2) of empty containers or other such incidental facilities used in transporting frozen foods on return.

In November, 1952, at the request of the plaintiff, the Director of the Bureau of Motor Carriers of the Interstate Commerce Commission informally advised the plaintiff that in his opinion plaintiff could not transport frozen fruits and vegetables under its existing authority

(MC 111812 Sub-No. 4) authorizing transportation of fresh fruits and vegetables.

On December 15, 1952, plaintiff petitioned the Commission for a hearing to determine what commodities may be lawfully transported under the commodity description "fresh fruits and vegetables" and for consolidation of said hearing with its pending application (MC 111812 Sub-No. 7) for authority to carry frozen foods.

On May 4, 1953, the Commission, upon consideration of the record in the proceedings in which the certificate was issued, and of the petition of the plaintiff and of the reply of protestants, denied plaintiff's petition without a formal hearing "for the reason that petitioner presents no justification that would warrant granting any of the relief sought."

On July 30 and August 31, 1953, a hearing examiner of the Commission held hearings on plaintiff's application (MC 111812 Sub-No. 7) for authorization to carry frozen foods, in the course of which said examiner heard testimony concerning the plaintiff's past operations with respect to the carriage of frozen fruits and vegetables.

On August 15, 1953, plaintiff filed with the Commission a petition for reconsideration of its order of May 4, 1953, which order had denied plaintiff's petition.

On April 5, 1954, the Commission, upon consideration of the record, and of the petition of applicant and the reply of protestants, dismissed the above petition under Rule 101(f) of the Commission's General-Rules of Practice, 49 U.S.C.A. Appendix, which provides:

"A successive petition [for reconsideration] filed by the same party or parties, and upon substantially the same grounds as a former petition, which has been considered and denied by the entire Commission, or by an appropriate appellate division, will not be entertained."

On May 13, 1954, the hearing examiner issued a recommended report and order on plaintiff's application (MC 111812 Sub-No. 7) for authorization to carry frozen foods, in which he found as follows:

"The examiner finds that the present and future public convenience and necessity require operation by applicant, in interstate or foreign commerce, as a common carrier by motor vehicle, over irregular routes, of frozen fruits and frozen vegetables from points in Oregon and Washington and points in California within 100 miles of San Francisco, Calif., including San Francisco, to Minneapolis and Moorhead, Minn., Sioux Falls, S. Dak., and Des Moines and Sioux City, Iowa; that applicant is fit, willing, and able properly to perform such service and to conform to the requirements of the Interstate Commerce Act [49 U.S.C.A. § 1 et seq.] and the rules and regulations of the Commission thereunder; that an appropriate certificate should be issued; and that in all other respects the application should be denied."

On May 25, 1954, plaintiff filed its complaint in the case at bar, seeking annulment of the order of May 4, 1953, in which the Commission had denied plaintiff's petition for a hearing with respect to interpretation of its certificate and for consolidation of the said hearing with plaintiff's application for authorization to transport frozen foods, and also seeking a declaratory judgment interpreting its certificate of convenience and necessity.

The Interstate Commerce Commission was granted leave to intervene, and filed an answer to the complaint, alleging, among other things, that the complaint failed to state a claim upon which relief can be granted and that the Federal Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, is not applicable to this cause. Certain Western Railway Companies have also been granted permission to intervene and they have filed an answer containing the same allegations. Defendant, United States of America, filed a motion to dismiss the complaint on the following grounds:

(1) The plaintiff, in essence, seeks a declaratory judgment under the Federal Declaratory Judgment Act, under which the defendant, United States, has not consented to be sued;

(2) The Federal Declaratory Judgment Act is inapplicable because the prayer for interpretation of plaintiff's certificate is not an action arising under any law of the United States;

(3) The order appealed from is not an order reviewable by this court; and

(4) Plaintiff has failed to exhaust its administrative remedies.

The applicable statutes under which the plaintiff has brought this action are as follows:

"Except as otherwise provided by Act of Congress, the district courts shall have jurisdiction of any civil action to enforce, enjoin, set aside, annul or suspend, in whole or in part, any order of the Interstate Commerce Commission." 28 U.S.C.A. § 1336.

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C.A. § 2201.

■ It is plaintiff's contention that the above quoted statutory provisions give it the right to maintain this action and vests jurisdiction in this court to hear and determine the same. The defendant, United States of America, on the other hand maintains that although plaintiff prays that the Commission's order of May 4, 1953 be annulled and set aside, that it is clear on the face of the complaint that plaintiff is seeking only a declaratory judgment, and that its prayer that the order be annulled was inserted in the complaint in an attempt to vest jurisdiction in this court; that annulment of said order would avail plaintiff nothing, for the same does not impose any obligation on the plaintiff, nor does it involve a determination of any of its rights. The court is inclined to agree with the contention of the defendant in this regard. The Commission's order of May 4, 1953, does not impose any obligation on plaintiff, nor does it involve a determination of any of its rights. Under these circumstances, does this court have jurisdiction to grant a declaratory judgment interpreting and construing the provisions of the certificate of public convenience and necessity of February 2, 1951, and determining the rights, authorities and privileges of the plaintiff thereunder? I do not think so. While I do not hold that in a proper case the district courts would not have jurisdiction to enter a declaratory judgment against the United States, I do not believe that this is such a case. There is some question in the Court's mind under the decisions as to whether or not under the above quoted statutes, the United States has given its consent to be sued for declaratory judgment. Love v. United States, 8 Cir., 108 F.2d 43; Isner v. Interstate Commerce Commission, D.C., 90 F.Supp. 361; Charles Noeding Trucking Co. v. United States, D.C., 29 F.Supp. 537; Yeskel v. United States, D.C., 31 F.Supp. 956.

In the Love case, the Court stated at page 50 of 108 F.2d:

"The [Declaratory Judgment] Act makes no mention of suits against the United States, nor does it give any indication of intention to broaden judicial supervision over the executive or administrative departments of the government."

To the contrary is the statement of Professor Borchard in his work on "Declaratory Judgments", Chapter XIII, "Administrative Powers and Disabilities."

■■ Granting, however, that jurisdiction does exist in the District Courts for the granting of declaratory judgments against the United States, de-

fendant's motion to dismiss must be sustained on other grounds urged. Plaintiff's prayer for a declaratory judgment requests the interpretation of its certificate of public convenience and necessity and is not an action arising under any law of the United States, nor is the constitution or a treaty here involved. Standard Riverside Co. v. Loew's, Inc., D.C., 106 F.Supp. 102; Charles Noeding Trucking Co. v. United States, supra; Taylor v. Smith, 7 Cir., 167 F.2d 797, 12 A.L.R.2d 1. In Taylor v. Smith, supra, in dismissing the complaint, the Court pointed out that there was no request for the construction of any law of the United States. The Court further stated that it must appear that the Federal question is one in substance and not in mere assertion.

■■ However, the most compelling reason why this action must be dismissed is that there is no "case or controversy" within the meaning of the Federal Declaratory Judgment Act. Plaintiff contends that the requisite "case or controversy" originates in the informal opinion given to the plaintiff, at its own request, by the Director of the Commission's Bureau of Motor Vehicles. It is well established that informal opinions of agencies do not give rise to a case or controversy, and cannot be judicially reviewed. Helco Products Co. v. McNutt, 78 U.S.App.D.C. 71, 137 F.2d 681, 149 A.L.R. 345. The Commission's order of May 4, 1953 did not grant or take away any rights from plaintiff. Neither does the informal opinion of the Director of the Commission's Bureau of Motor Vehicles constitute such an actual or threatened interference with plaintiff's rights as to give rise to a justiciable controversy within the meaning of the declaratory judgment statute. Plaintiff is in exactly the same position today as it was prior to the entry of the Commission's order of May 4, 1953. It may urge the same defenses to any action which may be brought by the Commission under the Motor Carrier Act, Title 49 U.S.C.A. § 322, which it urges as

grounds for affirmative relief in the case at bar.

■ The Court is further of the opinion that said order is not a reviewable one by this Court, Rochester Telephone Corp. v. United States, 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147; Motor Freight Express, Inc. v. United States. D.C., 60 F.Supp. 238, 240. In the Motor Freight Express case, the Court uses this language:

"The tests for review, thus announced, are not satisfied in the instant case. The gravamen of plaintiff's complaint is the refusal of the Commission to pre-determine the scope of plaintiff's 'grandfather certificate.' This order of the Commission did not deny plaintiff's right, if there be any, to operate in the suburban areas but merely refrained, in the proceeding then before the Commission, from an affirmative declaration that such right existed. It is true the order refuses to relieve plaintiff of possible liability under Section 222 of the Act [49 U.S.C.A. § 322] for exceeding the scope of its certificate authorization. But this imposes no greater burden on plaintiff than is imposed on other carriers who must operate, at their peril, if they exceed the limits of authorized service."

The Court further stated:

"The Commission may, if it wishes, institute civil or criminal proceedings under Section 222 of the Act, to determine the legality of suburban operations by the plaintiff under the certificate which plaintiff now holds. Such action by the Commission will squarely place in issue the contention which plaintiff here asserts. To determine that issue in this action would be nothing more than an advisory opinion. Such suits are considered beyond the province of this court to which the Constitution granted '* * * judicial Power (to determine) Cases

(and) Controversies * * *.' Art. III, Section 2, United States Constitution. * * *

"The Commission was not required to determine plaintiff's request, nor does this court have jurisdiction to provide an answer in the present action. The motion to dismiss for want of jurisdiction is granted."

The Commission's order of May 4, 1953 was nothing more than an interim order, and plaintiff is in exactly the same position it was before the entry of such order. Plaintiff's application (MC 111812 Sub-No. 7) filed with the Commission on December 12, 1951 for a certificate of public convenience and necessity, authorizing the transportation of frozen foods to and from points in substantially the same areas as it is now authorized to carry fresh fruits and vegetables, is still pending before the Commission.

For all of the reasons above mentioned defendant's motion to dismiss plaintiff's complaint will be granted.