W. J. DILLNER TRANSFER COMPANY, Plaintiff,

v.

Arthur Richard McANDREW, Jr., Defendant.

Civ. No. 62-1009.

United States District Court
W. D. Pennsylvania.

July 9, 1963.

Ernie Adamson, Pittsburgh, Pa., for plaintiff.

Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

MARSH, District Judge.

In its "Complaint For Declaratory Judgment", plaintiff requests this court to "adjudge the common meaning and connotation" of the terminology in the Certificate of Public Convenience and Necessity granted plaintiff by the Interstate Commerce Commission on September 14, 1942. The matter is now before the court on defendant's "Motion to Dismiss With Prejudice", which alleges as grounds: (1) res adjudicata, (2) failure to join the Interstate Commerce Commission or the United States as an indispensable party, and (3) failure to allege a justiciable controversy in accordance with the Declaratory Judgments Act, 28 U.S.C.A. §§ 2201 and 2202.[1]

It is our opinion that the motion to dismiss should be granted.

Plaintiff is a motor carrier incorporated under the laws of Pennsylvania and has its office in this judicial district. The defendant is employed by the Bureau of Motor Carriers, a division of the Interstate Commerce Commission, as a supervisor of the regional district in which plaintiff's office is located.

In its complaint plaintiff alleges generally that it requires a declaration of its rights under its Certificate of Public Convenience and Necessity to permit its "financial survival"; that the defendant, to plaintiff's irreparable damage, has threatened to charge plaintiff with numerous violations of the Certificate and has threatened to and has advised "shippers" of such adverse facts, all under the color of "certain rules, regulations and orders" given defendant by his "employer"; that the defendant admits to

1. "§ 2201. Creation of remedy

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have

the force and effect of a final judgment or decree and shall be reviewable as such."

"§ 2202. Further relief

"Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

a lack of knowledge of the proper interpretation in enforcing the terms of the Certificate; and praying for adjudication of the "common meaning and connotation" of the language in the Certificate.

It is further alleged that the attention of defendant has been directed to the decision in Movers Conference of America v. United States, 205 F.Supp. 82 (S.D. Cal.1962), "but defendant has refused to heed the clear admonitions of the Courts and the said Commission has now rejected and refused all attempts by Plaintiff to obtain a Declaratory Order in the light of the Movers Case."

It appears from the Order of the Interstate Commerce Commission, Division 1, acting as an Appellate Division, filed of record in this case, that plaintiff's prior petitions for declaratory orders were denied, and on December 4, 1962, a petition for reconsideration was also denied, inter alia, on the grounds that plaintiff's Certificate has been interpreted and that no further interpretation appeared to be warranted.

In its motion to dismiss the defendant contends, first, that this action is in reality an attempt to relitigate issues purportedly decided in W. J. Dillner Transfer Company v. I. C. C., 193 F. Supp. 823 (W.D.Pa.1961), aff'd 368 U.S. 6, 82 S.Ct. 16, 7 L.Ed.2d 16 (1962) and in W. J. Dillner Transfer Company v. United States of America and Interstate Commerce Commission, 214 F.Supp. 941 (W.D.Pa.1963). We will not decide the issue of res adjudicata because determination of the other issues raised by defendant are dispositive of this action; however, from the adjudications above referred to it seems that plaintiff already received from the Commission and the Courts a clear declaration of its rights under its Certificate of Public Convenience and Necessity.

Second, the defendant contends that the court lacks jurisdiction because the plaintiff has failed to name as defendant an indispensable party to the suit, i. e., the United States or the Interstate Commerce Commission.

We agree that the Interstate Commerce Commission is an indispensable party to the action.

Third, the defendant contends that the court does not have jurisdiction over the subject matter because a justiciable controversy has not been presented to the court within the scope of the Declaratory Judgments Act. We also agree with this contention.

### Indispensable Party: Interstate Commerce Commission

It is readily apparent that plaintiff's quarrel over interpretation of the Certificate's terminology is not basically with the defendant-employee, McAndrew; it is inherently with the grantor of said Certificate—the Interstate Commerce Commission. The analogy which comes to mind is that of a disagreement between landlord and tenant over the construction of a lease, with defendant, McAndrew, occupying a position comparable to that of a rental agent or building superintendent.

The unreported case of Ball Brothers Trucking Company v. Childs, et al., Civil No. 2110 (N.D.Tex.1951), cited by plaintiff in support of the contrary view, is not in point. There, a temporary injunction proceeding was instituted against district supervisors of the Bureau of Motor Carriers who had the principal on-the-spot authority to enforce an Interstate Commerce Commission order prohibiting the transportation by Ball Brothers of flat steel. It was unnecessary to join the Interstate Commerce Commission proper as a defendant in order to obtain the desired relief. Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95 (1947). No such specific order has been alleged in plaintiff's complaint.

Here, the real controversy, if any there be, involves a general interpretation of the terms of the Certificate and is necessarily between the Interstate Commerce Commission, grantor of the Certificate, and the plaintiff, grantee thereof. Since interpretation of the Certificate should be made in the first instance by the Com-

mission upon whom Congress has placed the responsibility for action, we think it is an indispensable party to this action. Cf. Service Storage & Transfer Co. v. Virginia, 359 U.S. 171, 177, 79 S.Ct. 714, 3 L.Ed.2d 717 (1959).

### Indispensable Party: United States

■ On the other hand, while there is little authority on the exact point, we think that the United States is not an indispensable party to this declaratory judgment action.

Substantial authority does exist for the proposition that the United States may not be sued under the Declaratory Judgments Act without its consent.[2] And although §§ 2321 and 2322, 28 U.S.C.A., require that actions to enforce, suspend, enjoin, annul, or set aside, in whole or in part, any order of the Interstate Commerce Commission shall be brought against the United States, in this declaratory judgment action the plaintiff does not seek to have this court do any of these things. Thus, the provisions of §§ 2321 and 2322, 28 U.S.C.A., requiring that suit be brought against the United States do not govern. Isner v. Interstate Commerce Commission, 90 F.Supp. 361, 365 (E.D.Mich.1950); cf. Midwest Coast Transport v. United States, 125 F.Supp. 557 (D.S.D.1954).

### Justiciable Controversy

■ The Declaratory Judgments Act vests in the court discretion whether or not to "declare the rights and other legal relations of any interested party seeking such declaration."[3] For such an

action to be justiciable, the issues at stake must be definite and concrete, touching legal relations of parties having adverse legal interests, and the issues must constitute a real and substantial controversy admitting of specific relief through a decree of conclusive character. Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937); 6 Moore, Federal Practice ¶ 57.11 (2d ed. 1953).

The complaint does not measure up to the standards of justiciability set by the Declaratory Judgments Act. Plaintiff has attached to the complaint a copy of its Certificate of Public Convenience and Necessity, and requested, in effect, that we delineate for it all existent commodities which, as of September 14, 1942, were within the scope of its hauling authority, and all such commodities as were not. This necessarily involves extensive judicial promulgation of definitive standards best reserved to the expertise of the Interstate Commerce Commission. Cf. Service Storage & Transfer Co. v. Virginia, supra.

The alleged actions, threats, and lack of knowledge of the defendant-employee do not give rise to a case or controversy, and cannot be judicially reviewed. Cf. Midwest Coast Transport v. United States, supra, 125 F.Supp. at p. 561. Differences of opinion between plaintiff and defendant-employee as to the interpretation of the Certificate have not ripened into a controversy over plaintiff's legal rights thereunder; their disagreements have not taken on a fixed and final shape so that the court can see what legal is-

2. Anderson v. United States, 229 F.2d 675 (5th Cir. 1956); Love v. United States, 108 F.2d 43 (8th Cir. 1943), cert. denied 309 U.S. 673, 60 S.Ct. 716, 84 L.Ed. 1018 (1943); Love v. Royall, 179 F.2d 5 (8th Cir. 1950); Western v. McGehee, 202 F.Supp. 287 (D.Md.1962); Isner v. Interstate Commerce Commission, 90 F. Supp. 361, 365 (E.D.Mich.1950); New York Technical Institute of Maryland v. Limburg, 87 F.Supp. 308 (D.Md.1949).

3. The word "may" in this Act permits the exercise of sound discretion to reject declaratory judgment suits. See: Public

Serv. Comm. v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952); Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321 (4th Cir. 1937); Lorenz v. F. W. Woolworth Co., 195 F.Supp. 719 (S.D.N.Y.1961); New York Milk Shed Transportation, Inc. v. Meyers, 144 F.Supp. 174 (N.D.N.Y. 1956); Automotive Equipment v. Trico Products Corp., 11 F.Supp. 292 (W.D. N.Y.1935); and see Generally, 6 Moore, Federal Practice, ¶¶57.08–57.10 (2d ed. 1953).

sues it is deciding. Plaintiff has not been formally charged civilly or criminally with violating the terms of its Certificate pursuant to § 322(a) (b), 49 U.S.C.A., nor has any order been issued pursuant to § 304(c) or § 312(a), 49 U.S.C.A. Plaintiff does not request an adjudication that it has a right to do, or to have, anything in particular. Cf. Public Serv. Comm. v. Wycoff Co., 344 U.S. 237, 244, 73 S.Ct. 236, 97 L.Ed. 291 (1952).

■ Moreover, the declaratory judgment procedure will not be used to preempt and prejudge issues that are committed to the Interstate Commerce Commission. It would not be tolerable that a declaratory judgment interpret a certificate of public convenience in order to forestall proceedings by the Interstate Commerce Commission, which is authorized to try such issues in the first instance. Responsibility for effective functioning of the administrative process cannot be thus transferred from the Interstate Commerce Commission, where Congress has placed it, to the courts. Cf. Public Serv. Comm. v. Wycoff Co., supra, 344 U.S. at p. 246, 73 S.Ct. at p. 241, 97 L.Ed. 291, and Service Storage & Transfer Co. v. Virginia, supra.

Even if plaintiff should effectively make the Interstate Commerce Commission a party to this action, for the foregoing reasons we are of the opinion that the court would not have jurisdiction of the subject matter as alleged in the complaint.

■■ Neither does the Commission's denial of plaintiff's attempts to secure a declaratory order entitle plaintiff to a judicial review. A court does not have jurisdiction to review an agency's denial of a declaratory order which denial is discretionary with the agency. Title 5 U.S.C.A. §§ 1004(d) and 1009. Continental Oil Company v. Federal Power Commission, 285 F.2d 527 (5th Cir. 1961). The Commission's discretionary refusal of declaratory relief does not require plaintiff to do or refrain from doing anything, fix any liability or responsibility, civil or criminal, upon plaintiff,

or finally determine its rights or obligations. United Gas Pipe Line Co. v. Federal Power Commission, 203 F.2d 78 (5th Cir. 1953); Motor Freight Express v. United States, 60 F.Supp. 238 (statutory court E.D.Pa.1945).

An appropriate order will be entered dismissing the complaint for declaratory judgment.