Before STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of DOMINICK SPARONE, Respondent, for Compensation under the Workmen's Compensation Law, *v.* GENERAL ELECTRIC COMPANY, Employer and Self-Insurer, Appellant.

Third Department, November 15, 1922.

**Workmen's Compensation Law — appeal — no appeal lies from decision of State Industrial Board to open case to receive further evidence.**

No appeal lies from a decision of the State Industrial Board which simply reopens a case for the purpose of permitting the submission of further testimony, for the decision is interlocutory merely and does not determine any claim to compensation by making, denying, ending or revising an award, in which cases only does an appeal lie under section 23 of the Workmen's Compensation Law.

APPEAL by the defendant, General Electric Company, from a decision of the State Industrial Board, made on the 19th day of December, 1921, granting claimant an opportunity to present further evidence concerning the injury to his eye.

*Richmond Moot,* for the appellant.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent.

HINMAN, J.:

There is a new question presented upon this appeal. The Attorney-General raises the point that a decision of the State Industrial Board which simply reopens the case for the purpose of permitting the taking of further testimony, is not appealable, as

18

it is simply an interlocutory order which allows the case to proceed. The accident happened on September 27, 1920, and the claim was disallowed on August 3, 1921. The decision in question was made on December 19, 1921.

We think it is the making, denying, ending or revising of awards that is made appealable by section 23 of the Workmen's Compensation Law. By this section it is provided that " An award or decision of the Commission [now Board] shall be final and conclusive upon all questions within its jurisdiction * * * unless reversed or modified on appeal therefrom as hereinafter provided. Within thirty days after notice of the filing of the award or the decision of the Commission [now Board] has been sent to the parties an appeal may be taken to the Appellate Division of the Supreme Court, Third Department, from such award or decision by any party in interest * * *." We cannot ignore the language above quoted, which (1) gives finality to the decisions of the State Industrial Board except as " hereinafter provided," which finality refers to the jurisdiction of the courts to reverse or modify on appeal (*Beckmann* v. *Oelerich & Son,* 174 App. Div. 353), and (2) confines by necessary implication the right to appeal to those awards or decisions of the board in relation to which the Workmen's Compensation Law requires notice of the filing thereof to be sent to the parties.

Section 23 of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd. by Laws of 1917, chap. 705) does not direct the filing of the award or decision or the service of notice thereof upon the parties. It simply predicates the procedure and right of appeal upon a requisite found elsewhere in the statute and thus by implication adopts those other provisions of the statute as a necessary prerequisite to the right of appeal. When we examine the Workmen's Compensation Law, we find only two instances where it is required that notice of the filing of an award or decision is required to be sent to the parties, one in section 20 (as amd. by Laws of 1919, chap. 629), relating to the determination of claims by making or denying an award, and the other in section 22, relating to the modification of awards by ending, diminishing or increasing the compensation previously awarded.

The State Industrial Board has not made an award in this case. Acting under section 74 (now 123) of the Workmen's Compensation Law, it has jurisdiction to rescind its former decision denying an award and to make an award if that be just in its opinion; but it has not yet done so. This is an appeal from a decision which simply reopens the case to permit the submission of further testimony, which is interlocutory and does not determine any claim to compen-

sation by making, denying, ending or revising an award. The foregoing statutory provisions have since been revised into the present Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1922, chap. 615], §§ 20, 22, 23, 123.)

Our determination to dismiss the appeal upon the ground that such interlocutory decision of the Board is not appealable renders it unnecessary to consider the ground of objection to the decision, raised by the appellant, namely, that the State Industrial Board had no right, after the time to appeal from a decision denying an award had expired, to reopen the case for the taking of further testimony. While unnecessary to our decision, however, it is not inappropriate to say that the question has been covered in our opinion in *Cohen* v. *Ashford Plumbing Co.* (203 App. Div. 261).

The appeal should be dismissed, with costs in favor of the State Industrial Board.

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HASBROUCK, JJ., concur.

Appeal dismissed, with costs in favor of the State Industrial Board.