In the Matter of the Claim of WILLIAM H. ROOD, Respondent, against CONSOLIDATED RENDERING COMPANY (SYRACUSE RENDERING COMPANY) and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 16, 1935.

*Brown, Fraser & Black,* for the appellants.

*John J. Bennett, Jr., Attorney-General,* for the respondents.

McNAMEE, J. On December 22, 1930, the Industrial Board rendered a decision in the following form: " The action of the referee is hereby rescinded. We find that the claimant sustained an accidental injury which arose out of and in the course of his employment, and that the hernia found by Dr. Frey is a direct result of said accidental injury."

On January 7, 1931, the Industrial Board again made its decision, in so far as important here: " Claimant desires operation. Claimant referred for operation. Disability to commence when claimant enters hospital. Continued. Carrier directed to offer medical and hospital care — section 19-b controlling. Att'y Moore's fee for services approved at $25 — to become a lien."

The Industrial Board moves to dismiss the appeal from these decisions on the ground that no award has been made, and, therefore, no appeal lies. These decisions were filed in the office of the Department and served on the parties, as required by sections 20, 22 and 23 of the Workmen's Compensation Law. (*Sparone* v. *General Electric Company,* 203 App. Div. 273.) In express language and by necessary implication the Board found the relation of employee, employer and carrier; that the claimant sustained an accidental and compensable injury, which arose out of and in the course of his employment; also that claimant would be disabled upon entering the hospital; and awarded to the claimant a surgical

operation and hospital treatment, as well as an attorney fee, at the expense of the employer and carrier. The Attorney-General argues that these decisions are mere interlocutory orders. When these decisions were made the court stated its conclusions of fact and its rulings of law, as it is required to do, and determined the rights of the parties, except the amount of compensation for the time to be lost in the future on account of disability.

Under section 19-b of the Workmen's Compensation Law the Board had a right to direct the employer and carrier to provide for the surgical and hospital treatment of the claimant. The employer and carrier were bound, by the provisions of that section, to provide such treatment within five days, or forego the right given to them by section 13 of the same act. Upon failure to comply with the direction contained in the decision, the claimant would be free to make his own choice of doctors and a hospital, at the expense of appellants. Not only was there an award made, but one which, if erroneous, took from the employer and carrier a substantial statutory right. The motion should be denied.

HILL, P. J., RHODES, CRAPSER and HEFFERNAN, JJ., concur.

Motion to dismiss appeal denied, with ten dollars costs to the appellants against the State Industrial Board.