In the Matter of the Claim of CLYDE LA BARR, Appellant, against RAILWAY EXPRESS AGENCY, INC., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant, an employee of the Railway Express Agency, Inc., from a decision of the State Industrial Board [now Workmen's Compensation Board], filed December 27, 1943. The decision affirmed an award for disability and after reviewing the record the board reversed that part of the award which found that certain pains and sufferings were the result of an accident. By its decision the case was returned to the referee's calendar for further consideration. Under these circumstances the claim is not before this court. Appeal dismissed, without costs. All concur.

In the Matter of the Claim of LEROY COLWELL, Respondent, against HAMMARLUND MFG. CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award for loss of an eye. The evidence established that acid which an employee was using accidentally got into his eye. The evidence sustains the award. Award affirmed, with costs to the Workmen's Compensation Board. All concur. [See *post*, p. 961.]

In the Matter of the Claim of FLORENCE SOLOMON, Respondent, against CRAVAT CREATORS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from an award of the Workmen's Compensation Board in favor of claimant. Claimant was employed as a slip stitcher on neckties by the employer. On August 23, 1943, she was working at a table pinning ties on a form placed on her lap, her legs were crossed and while working in this position some ties fell to the floor. She bent over and twisted to the right to pick up the ties and suffered injuries. The board found that the injuries she so sustained were accidental and arose out of and in the course of her employment. This determination is sustained by the medical evidence in the case. Award affirmed, with costs to the Workmen's Compensation Board. All concur.

In the Matter of the Claim of MAX HOZENSKY, Respondent, against PINE STORES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from decision and award of workmen's compensation made to claimant respondent. The only questions presented are whether claimant sustained an injury-producing accident which arose out of and in the course of his employment and whether such an accident produced the compensated injuries. These have been found to have consisted of a coronary occlusion induced by prior episodes of accident which arose out of and in the course of his employment. Such findings are sustained by evidence. Decision and award affirmed, with one bill of costs to the Workmen's Compensation Board and the claimant-respondent, to be divided equally, with disbursements to each. All concur.