Bergan, J.
We are met, first of all, with a contention by the Workmen’s Compensation Board that its decision is interlocutory and not appealable. The effect of appeals from intermediate decisions of the board has been considered several times and in several aspects, but there remains some open and debatable ground and this case is on that ground.
The Referee after a hearing dismissed the claim. On a review of the Referee’s decision the board reversed the Referee, restored the case to the Referee’s calendar for consideration of disability “ and a suitable award to be made.” The board panel which made the decision was divided in opinion, one member dissenting and voting to sustain the Referee.
Notice that this “ award or decision ” was filed was given on May 4, 1948, to all parties. The employer and carrier appealed to this court from “ a decision and award ” filed on the 4th day of May, 1948, by notice of appeal dated May 13, 1948. In pursuance of the direction of the board, a hearing was *704 held after the appeal had been taken. This was October 18, 1948; an award was made and filed October 21, 1948, and notice sent to all parties. No separate or further appeal has been taken.
The statute governing appeals in workmen’s compensation cases allows appeals from an award “ or ” decision (Workmen’s Compensation Law, § 23). This disjunctive expression might be thought to admit an appeal from any decision affecting the right of a party, as well as from awards, but a more limited meaning was given the language fairly early in the history of the law.'
In 1922 it was noted by this court that appeals from awards or decisions were referred to those which had been filed, and of which notice had been given. (Matter of Sparone v. General Elec. Co., 203 App. Div. 273.) The only decisions which were filed and for which notice must under the statute be given, the court further noted, were decisions making or denying an award (§ 20); or modifying an award (§ 22). (P. 274.)
Therefore, it was held that where a claim had been disallowed and the former State Industrial Board had reopened the case to permit further testimony, no appeal would lie. The theory was that a decision of this sort did not require notice of filing be given, and it was only a decision where there was statutory necessity to give notice that was to be regarded as appealable within the intent of the statute. It was noted further that while the board had power to make an award in that case, “ it has not yet done so ” (p. 274).
This decision was followed literally in Matter of Lepow v. Lepow Knitting Mills (261 App. Div. 1013 [1941]), and in Matter of La Barr v. Railway Express Agency (270 App. Div. 870 [1946]), in each of which the board reversed the Beferee and restored the case to the calendar for the purpose of making an award. The absence of either an award or a dismissal was commented upon in the memorandum in the Lepow case (supra).
A refinement of the rule was drawn in 1935 in Matter of Rood v. Consolidated Rendering Co. (243 App. Div. 223) under some distinguishing circumstances which the court felt made for an exception. There the action of the Beferee had been rescinded by the board; the claimant was referred for an operation; the carrier directed to offer hospital and medical care, “ Disability to commence when claimant enters hospital and $25 was approved for legal services to become a lien against any award. There was no “ award ” as such, but the court felt the compulsion to furnish medical care when directed must be treated *705 as an award. The court seemed also to consider it important that the decision was filed and a notice served on the parties (p. 223).
The decision in 1942 in Matter of Baron v. Norton & Co. (264 App. Div. 802) stands by itself. Without referring to its own previous decision, the court held that a determination of the board holding merely that there was an accidental injury arising out of employment, but making no award because of the short period of disability, was appealable. Such a decision “ might ”, says the memorandum “ establish a basis ” for recovery of medical expenses.
Where notice has been actually given of an intermediate decision of the board, and an appeal taken from such a decision, and the board instead of moving to dismiss the appeal proceeds instead to make an award based upon the decision as though an appeal were not pending, the effect ought to be that the notice of appeal brings up for review the decision and the award based on it.
One reason for this is that a party affected by the decision, reading the literal text of section 23 would feel he was under compulsion to appeal from the decision to protect his rights. An appeal may be taken within thirty days “ after notice of the filing of the award or the decision ”. It is a decision as well as an award that is expressly made appealable and the notice which fixes the time Emit is of the filing of “ the ” decision as well as “ the ” award.
We have recently decided in Matter of Jones v. Schenectady Boys Club (276 App. Div. 879 [1949]) that where an appeal is taken from an award, and the board during the pendency of the appeal modifies and changes the award, the appeal is not made academic but brings up for review the award as last modified although no separate appeal has been taken. This is because the jurisdiction of this court attaches from the time the appeal is taken and the power of the board “ must necessarily be suspended during the pendency of the appeal as to questions raised thereby ”.
When the decision here was appealed and while the appeal was pending the jurisdiction of this court attached to the case, and the board in making the award did so with the knowledge that the decision upon which the award was based was then here for review. It could have moved to dismiss but in not doing so and in making an award instead, it left open for review upon the appeal from the decision the subsequent award based on that decision.
*706 The appeal must, therefore, be deemed properly taken and brings up.for review both the intermediate decision and the award based on it.
Upon the merits we think the decision and award should be reversed. Claimant is a butcher. He was injured September 27, 1946, in falling down a stairs in the meat provisions plant of the employer. The question here is whether there is any substantial evidence to sustain the decision of the board that the accident arose out of and in the course of the employment. The decision, as it has been seen, was by a divided board panel which reversed a decision of a Referee which had dismissed the claim.
On the day of the accident the plant of the employer was not in operation because of a current shortage of meat, and it had not been in operation for a week. Claimant came to the plant to get his pay for the previous week.
There is proof that claimant obtained his pay in the morning and again came back to the plant late in the afternoon; that he was then intoxicated and asked to be admitted to a card game in progress among other employees to which he was refused admission because of his intoxication. Examination at the hospital disclosed claimant in addition to his injuries was suffering from acute alcoholism.
In determining whether there is substantial evidence to support the award every fact in the record must be viewed in an aspect favorable to the claimant. Such a view of the case could justify a finding that claimant had been drinking, but was not drunk; that he arrived at the plant at 3:00 p.m. and obtained his pay for the previous week; that he waited until 4:00 p.m. to see his employer about returning to work the following week; that he spoke to his employer about returning to work; that after that he saw some employees playing cards; that his employer left the plant; and that claimant went to the men’s room and after he left there he fell. His fall he placed at ‘1 about fifteen minutes ’ ’ after four o ’clock; at “ between four o ’clock and five o’clock ”; and as to whether it was later than five o’clock he didn’t “ think so.”
On this record a finding is made by the majority of the board panel that the accident occurred in the course of employment because claimant was in the premises “ during the afternoon for the purpose of collecting his wages ” and this purpose was incidental to his employment. This is the sole finding as to his "presence in the premises in connection with employment. There is no substantial evidence upon which to base a finding *707 that claimant’s presence in the plant for any period as late as four o ’clock or certainly as late as between four and five o ’clock had any connection whatever with the collection of his wages.
There is, therefore, no fair basis in this record for a finding that the accident arose out of and in the course of employment. The substantial evidence rule does not require that we follow shadows to make findings or that the favorable evidence upon which facts are to be found should be pursued to the point of absurdity. The only substantial evidence here is that claimant’s injury did not arise out of and in the course of employment and that claimant was on his own when he was injured.
This fall could not fairly be regarded as a natural consequence of “ the work ”, or directly connected with it (Matter of Brown v. New York State Training School, 285 N. Y. 37, 39), nor is it reasonably incidental to the character of the work (Matter of Kowalek v. New York Cons. R. R. Co., 229 N. Y. 489, 494). (See, also, Matter of Gifford v. T. G. Patterson, Inc., 222 N. Y. 4, and Matter of Van Riper v. Newman, 250 App. Div. 801.) The case here is somewhat similar to that considered in Matter of Adams v. Uvolde Asphalt Paving Co. (205 App. Div. 784).
The application to dismiss the appeal should be denied and the decision and award reversed and the claim dismissed, with costs against the Workmen’s Compensation Board.