Janette **HEISLER** and Helen Chase, individually and as representatives of the other members of the Air Line Stewards and Stewardesses Association, International, Transport Workers Union of America, AFL–CIO, an unincorporated association, Petitioners,

v.

James B. **PARSONS**, United States District Judge, Respondent,

Eastern Air Lines, Inc., Respondent-Intervenor.

No. 13841.

United States Court of Appeals Seventh Circuit.

Dec. 28, 1962.

Rehearing Denied Feb. 7, 1963.

Rehearing Denied Feb. 7, 1963, en banc.

Lee Leibik, Chicago, Ill., for petitioners.

Harry B. Reese, Chicago, Ill., for intervenor.

Irving M. Friedman, Chicago, Ill., for respondent.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

This is an original petition praying for a writ of mandamus or prohibition directed to the Honorable James B. Parsons, Judge of the United States District Court for the Northern District of Illinois. Plaintiffs ask that Judge Parsons be directed to vacate an order entered by him on June 29, 1962, setting for trial a case on his docket hereinafter described, and to enter orders either dismissing the case for want of jurisdiction of the subject matter or finding for the defendants Heisler and Chase on the ground that the certifications and determinations of the National Mediation Board have conclusively resolved all issues in the case.

The big point at issue is which labor organization has been, since August 1960, the representative of flight attendants employed by Eastern Air Lines, Inc., Northwest Airlines, Inc. and Trans World Airlines, Inc.

The three air carriers mentioned have withheld union dues which they have deducted monthly from their employees' wages since August 1960. The deductions were made pursuant to collective bargaining agreements and individual dues checkoff authorizations executed prior to August 1960.

The mandamus petition refers to a suit pending in the United States District Court for the Northern District of Illinois which is on the calendar of Judge Parsons. This suit is there designated as No. 61 C 1032, Don J. Smith et al., individually and on behalf of all members of a certain class, plaintiffs vs. Eastern Air Lines, Inc., Northwest Airlines, Inc., Trans World Airlines, Inc., Janette Heisler and Helen Chase, individually and on behalf of members of a certain class, defendants.[1]

The plaintiffs in Smith Case No. 1032, sued in behalf of a labor organization which claims to be the same union or the successor union to Air Lines Stewards and Stewardesses Association, International (ALSSA). The complaint seeks a declaratory judgment that the union organization therein described is entitled to funds which have been withheld by the air carriers.

The air carriers claim that each of their roles is that of stakeholder, and that they are retaining the funds withheld by them pending a determination as to which labor organization is entitled to the funds.

Janette Heisler and Helen Chase, petitioners in the instant proceeding, are the same persons listed in Smith Case No. 1032 as defendants. They represent an-

1. For convenience, this suit will sometimes be referred to as "Smith Case No. 1032."

other labor union (ALSSA, TWU), which claims to be the same union or the successor union to ALSSA, and which union also claims title to the funds which have been withheld by the air carriers.

Thus, he have here two labor organizations, each claiming to be the "true and lawful" ALSSA. Don Smith, one of the plaintiffs in Smith Case No. 1032, is the acting treasurer of one. The offices of this organization are at 55th Street and Cicero Avenue, Chicago. Janette Heisler is the treasurer and Helen Chase is the secretary of the other organization. Its offices are located at 316 West Randolph Street, Chicago.

Each of the bargaining agreements with which we are here concerned, provides that the air carriers shall deduct from wages of the flight attendants covered and shall pay over to ALSSA, periodic union dues, initiation fees, and assessments. Since August 1960, the air carriers have deducted sums for such purposes.

ALSSA was originated in 1947 as a chartered affiliate by Air Line Pilots Association, International (ALPA). Charters of affiliation were issued by ALPA to ALSSA in 1947, 1951 and 1953. The 1951 and 1953 charters provided that ALPA could revoke them for wrongful conduct on the part of ALSSA, and thereupon the 1947 charter would again be in full effect. Under the 1947 charter, ALPA had reserved greater powers of control over ALSSA's conduct.

As an ALPA affiliate, ALSSA won certification elections which were conducted among employees of various airlines by the National Mediation Board. It was so certified with respect to employees of Eastern and Trans World on March 6, 1947, and was certified for the employees of Northwest on October 22, 1948.

In 1960, some members of ALSSA made accusations against their then officers. Sayen, the president of the parent ALPA, set a hearing after giving notice. Also disputes had arisen between ALSSA's officers and ALPA over questions involving the status of ALSSA including the alleged efforts of officers of ALSSA to obtain direct affiliation with AFL–CIO. Sayen set another hearing, again upon notice.

Quinn, then president of ALSSA, refused to attend the hearing on the election charges. Instead, he wrote a letter dated August 5, 1960, that he was disaffiliating ALSSA from ALPA. It is alleged that Quinn, on August 6, 1960, removed physical property of ALSSA including files and records from the space which ALSSA was occupying in ALPA's headquarters' building. In the hearing on alleged election irregularities, the hearing officer found there was sufficient evidence to warrant a recommendation that the elections in question be nullified, and that another election be held.

On the other charges, the Executive Committee of ALPA found Quinn and his associates to be guilty of various alleged practices and violations of the charter. The Executive Committee revoked the 1953 charter and declared the 1947 charter in effect. It declared Quinn and his associates removed from office, and it appointed temporary officers to conduct the affairs of ALSSA.

Since the events of August 1960, the union represented by the plaintiffs in Smith Case No. 1032 remained loyal to ALPA. The other union led by Quinn has made rival claims. In April 1961, it became an affiliate of the Transport Workers Union of America (TWU), and thereafter has used the name of ALSSA, TWU. In the election at Eastern, this union, under the name of ALSSA, TWU appeared on the ballot as the opponent of ALSSA.

In May 1961, George Meany, President of AFL-CIO, recognized ALSSA to be an affiliate of ALPA. President Meany also referred to defendant union ALSSA, TWU as being composed of dissident members of the plaintiff union.

The National Mediation Board has referred to the claims of plaintiff and defendant unions as a factional fight over control of ALSSA, and that the Board

has no desire to enter the controversy.[2] The Board also stated it knew of no instances in which it had ever made any determinations or rulings on the issue of property rights.[3]

There has been no hearing or proceeding before the National Mediation Board or in any court, in which there has been a determination that either the plaintiff union or the defendant union is the same union as the original ALSSA, or that either one is its successor under the labor contracts or under the individual employees' checkoff authorizations which were in effect in August 1960.

In the District Court, the proceedings in Smith Case No. 1032 were as follows: This action for a declaratory judgment was filed June 20, 1961, naming as defendants, among others, Janette Heisler and Helen Chase, the petitioners herein. Jurisdiction was based upon diversity of citizenship. A declaratory judgment was sought because of the alleged existence of a dispute between two labor organizations as to which was entitled to receive dues which had been checked off from wages of flight attendants employed by Eastern, Northwest and Trans World air lines.

On several different dates, defendants Heisler and Chase moved that the complaints filed by plaintiffs in Smith Case No. 1032, be dismissed for want of jurisdiction of the subject matter, alleging that exclusive jurisdiction of the issue was committed by Section 2, Ninth and Eleventh of the Railway Labor Act (45 U.S.C. § 152, Ninth and Eleventh) to the National Mediation Board. These defendants also claimed the National Mediation Board had assumed jurisdiction and had made a determination.

Judge Parsons denied all motions to dismiss but stated he believed the certifications and determinations of the National Mediation Board were *res judicata*, and afforded a basis for summary judgment in favor of the defendants, Heisler and Chase, if they would so move. Thereafter, defendants Heisler and Chase filed an answer to the second amended complaint as well as a motion for summary judgment.

On May 15, 1962, Judge Parsons handed down an opinion and entered an order stating that the motion of defendants Heisler and Chase for summary judgment was allowed, and that counsel for defendants should prepare and submit findings of fact and conclusions of law. On May 23, 1962, Judge Parsons signed the findings of fact, conclusions of law and judgment. Among the conclusions of law was that defendants Heisler and Chase, and the Air Line Stewards and Stewardesses Association, International, Transport Workers Union of America, AFL-CIO, were entitled to all moneys checked off from August 1960 from the wages of flight attendants employed by the three air lines hereinbefore mentioned.

On June 29, 1962, Judge Parsons set aside his findings of fact, conclusions of law and judgment entered on May 23, 1962. He entered an order setting the cause for trial on July 30, 1962. Shortly thereafter, the pending petition for writ of mandamus or prohibition was filed.

Judge Parsons stated in some detail the reasons for his conclusion that the summary judgment theretofore entered should be vacated and that there should be a trial of the issues. He said that the National Mediation Board had decided only who, at the moment of the election, had been chosen to be the representative of the employees. He stated: "I hold that the National Mediation Board in determining who won an election between two competing unions does not determine which of them may have been an incumbent union during any period prior to the election."

Judge Parsons summarized his views by saying: "I hold that all of these matters are circumstances which would be taken into consideration by a trier of fact in determining whether over a certain period of time prior to an election a cer-

2. Respondent's Exhibit 12.

3. Respondent's Exhibit 4.

tain alleged union was in fact a union, was an affiliate, if so alleged, or was incumbent in representing certain employees, if so alleged, but that standing alone, they would furnish insufficient evidence to establish the fact."

The Smith Case No. 1032 on the face of the pleadings indicates that diversity of citizenship and requisite amount in controversy, does exist.

Because of the split within the original ALSSA which was affiliated with ALPA, or because of the dis-affiliation, or due to a combination of events which occurred in August 1960, there is an actual controversy over the property rights in accumulated union dues as between plaintiff and defendant unions and the defendant carriers who are holding the funds and who refuse to release them to either organization.

The Railway Labor Act prohibits checkoff of dues except to the certified representative. Since the certifications here involved took place some years prior to the split or dis-affiliation of the unions in 1960, a question of the continued validity of the checkoff of dues is present in this litigation.

■ If we had before us only the issue of representation of the flight attendant employees of the air carriers, it is clear, under Section 2, Ninth, of the Railway Labor Act, the National Mediation Board would have exclusive jurisdiction to act. Congress did not leave such disputes to the courts. General Committee, etc. v. Missouri-K.-T. R. Co., 320 U.S. 323, 336, 64 S.Ct. 146, 88 L.Ed. 76.

■■ However, viewed as a whole, the controversy before the District Court involved the adjudication of a money liability. The National Mediation Board has no jurisdiction to render a money judgment nor any authority to enter a decree which would protect a stakeholder from double liability. The fact that legal rights may, in some respects, depend upon issues committed to administrative determination, does not exclude the courts from jurisdiction to enforce such rights.

The courts have consistently taken jurisdiction of actions to settle legal rights which involved premises of an exclusively administrative nature. For example, the courts have aided the representative certified by the National Mediation Board by enjoining the carrier from "treating" with another union. Virginian Railway Co. v. System Federation No. 40, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789. See also, Brotherhood of Railway & Steamship Clerks, etc. v. Atlantic Coast Line R. Co., 4 Cir., 201 F.2d 36. In cases where the controversy involved a dues checkoff agreement, the courts have adjudicated the legal rights at stake, despite the Board's exclusive jurisdiction of matters of representation. Brotherhood of Locomotive Firemen and Enginemen v. Northern Pacific Railway Company, 8 Cir., 274 F.2d 641; Switchmen's Union of North America v. Southern Pacific Company, 9 Cir., 253 F.2d 81.

The petitioners over-simplify the issues in Smith Case No. 1032. They say the question for determination by the District Court in that case is whether one union or another union is the proper representative of the employees for purposes of collective bargaining. However, there may well be questions preliminary to the determination of the property rights in issue, such as whether after August 1960, either labor union was the same as, or the successor to, the union which had previously entered into the several contracts with the airlines; whether either union was the one which was named in the individual checkoff authorizations; whether the individual employees continued to be members of either union, and whether the old authorizations continued to be valid after the event occurring in August 1960.

■ It is for the courts to determine whether there is a lawful deduction of dues after August 1960. As was said in Brotherhood of Railroad Trainmen v. Smith, 6 Cir., 251 F.2d 282, 285: "Decision of this issue depends upon the meaning of the statute and over such a question the federal courts have jurisdiction."

We hold that Judge Parsons should be permitted to proceed with the trial of Smith Case No. 1032. It follows, the petition for writ of mandamus or prohibition should be denied.

We have given careful consideration to the proposal of Eastern Air Lines, Inc. that the District Court be directed to stay its proceedings in Smith Case No. 1032 until the National Mediation Board decides which of the two labor organizations represents the airline employees.

Eastern admits the District Court has jurisdiction of the subject matter in Smith Case No. 1032 to adjudicate a money matter, but it cites cases such as United States v. Western Pacific Railroad Co., 352 U.S. 59, 63, 77 S.Ct. 161, 1 L.Ed.2d 26, and Order of Railway Conductors of America v. Pitney, et al., 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318 for the proposition that when a case otherwise properly before a federal court involves an issue within the exclusive jurisdiction of an administrative agency, the court should retain jurisdiction but stay its proceedings pending referral of the issue to the administrative body.

Clearly, the National Mediation Board has exclusive jurisdiction to determine the matter of representation of the flight attendants of the three airlines. But this is a prospective matter. The Act does not provide for retroactive determinations. A trial in the District Court involving the questions hereinbefore described should not interfere with the Board carrying out its exclusive function if the need therefor should arise.

In Local 1104, etc. v. Wagner Electric Corp. et al., D.C.E.D.Mo., 109 F.Supp. 675, the court was called upon to determine the right to checkoff union dues claimed by two unions after an internal split within a contracting union. Each union claimed to be the one which had executed the contract. The District Court retained jurisdiction and decided the question of ownership of the union dues, despite the fact that during the course of the dispute, the National Labor Relations Board conducted a representation proceeding to select a new bargaining agent.

The Board's certifications in the cases of the three carriers in suit were issued between July 1961 and December 1961. None of the pleadings in Smith Case No. 1032 raises any issue as to the validity of those certifications. The issue to be decided in that case is to determine the ownership of union dues which were previously checked off from wages of employees of the air carriers starting with August 1960. No such issue was before the Board. The Board has denied that it decided any such issue. It disclaims authority to consider such issue.

The petition for a writ of mandamus or prohibition is

Denied.