436 F.2d 540
 Sandra ADICKES and James Horelick, Plaintiffs-Appellants,
v.
Howard R. LEARY, Police Commissioner of New York City, Frank S. Hogan, District Attorney of New York City, Andre Clermont, Custodian, Washington Irving High School, Gerald Oak, Principal, Washington Irving High School and Louis Lefkowitz, Attorney General of the State of New York, Defendants-Appellees.
 No. 15.
 Docket 34622.
 United States Court of Appeals, Second Circuit.
 Argued September 16, 1970.
 Decided January 7, 1971.
 
 Eleanor Jackson Piel, New York City, for appellants.
 Lewis R. Friedman, Asst. Dist. Atty. (Frank S. Hogan, Dist. Atty. for New York County, Herman Kaufman, Asst. Dist. Atty., of counsel), for appellee Frank S. Hogan.
 Leonard Koerner, New York City (J. Lee Rankin, Corporation Counsel, Stanley Buchsbaum, New York City, and Victor P. Muskin, New York City, of counsel), for appellees. Leary, Clermont and Oak.
 Joel H. Sachs, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for appellee-intervenor Attorney General.
 Before FRIENDLY, SMITH and HAYS, Circuit Judges.
 J. JOSEPH SMITH, Circuit Judge:
 
 
 1
 This is an appeal from an order of the United States District Court for the Southern District of New York, Sylvester J. Ryan, Judge, granting defendants' motion to dismiss and denying plaintiffs' motion for the convening of a three-judge court and an injunction against the state criminal proceedings brought against plaintiffs. In October, 1968, the United Federation of Teachers declared an illegal strike against the New York City Board of Education. On October 16, the Board of Education directed that the schools be opened and available to students where a competent teacher appears at a school. District superintendents were thereupon authorized to issue letters of designation, appointing certain teachers as teacher-in-charge.
 
 
 2
 On October 17, plaintiffs, teachers at Washington Irving High School, appeared at that school along with Mr. Edward Williams, who had been designated teacher-in-charge. The police and defendants Clermont, school custodian, and Oak, school principal, refused them permission to enter. Approximately two hours later, plaintiff Horelick, allegedly under the "delegated authority" of Mr. Williams, entered the school. While in the school he was allegedly beaten by police, removed from the building, and arrested on charges of criminal trespass. He was also charged with resisting arrest, and subsequently with resisting arrest, and subsequently with harassment. On October 20, plaintiff Horelick again attempted to enter the building and was again arrested and charged with criminal trespass.
 
 
 3
 Plaintiff Adickes was arrested for interfering with the arrest of plaintiff Horelick. She complains that she was advised by her attorney that the District Attorney's office had information that upon being arrested, she had kicked a policeman in the groin. Having been told that, according to agents of District Attorney Hogan, if this information were not true the case would be dismissed, plaintiff Adickes submitted to a lie detector test which she "passed." The District Attorney, however, refused to dismiss the case against her.
 
 
 4
 The complaint in the present action names as defendants Messrs. Clermont, Oak and Hogan, and Howard R. Leary, Police Commissioner of the City of New York. Three causes of action are alleged. The first claims that defendants Clermont and Oak actively supported the initial arrests of plaintiffs and illegally pressed charges, thereby depriving plaintiffs of their first amendment right to teach. Damages were sought under 42 U.S.C. § 1983, which provides:
 
 
 5
 "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
 
 
 6
 The second cause of action alleged that defendants were engaged in a conspiracy to deprive plaintiffs of their privileges and immunities as citizens, and specifically charged that defendant Clermont and defendants Oak and Leary "importuned agents of defendant Hogan" urging him not to drop the charges against plaintiffs. Further damages were sought under 42 U.S.C. § 1985, which gives rise to a cause of action for damages resulting from the aforementioned type of conspiracy. The third cause of action recounts the story of defendant Hogan's alleged promise to plaintiff Adickes and subsequent breach thereof, and seeks damages under § 1983.
 
 
 7
 Plaintiffs sought the convening of a three-judge court, pursuant to 28 U.S.C. § 2281, to declare that New York State Penal Law, McKinney's Consol.Laws, c. 40, § 35.27, providing that "A person may not use physical force to resist an arrest, whether authorized or unauthorized, which is being effected or attempted by a peace officer when it would reasonably appear that the latter is a peace officer," is unconstitutional on its face and as applied. They further requested that the three-judge court rule that New York State Penal Law § 140.10 (the criminal trespass statute) may not be applied to plaintiffs (a request that is apparently not being pressed on appeal), and that New York City Criminal Court Act § 40 unconstitutionally deprives them of a jury trial.
 
 
 8
 Since the dismissal of the complaint in this action the criminal charges, after removal to the District Court for the Southern District of New York, and remand to the state court, upheld in People of State of New York v. Horelick and Adickes, 424 F.2d 697 (2d Cir. 1970), have been tried and convictions had, from which appeals are pending, in which the effect on this prosecution of Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), invalidating section 40 must be determined. All that remains before us on appeal is the claim for damages.
 
 
 9
 The claim of Miss Adickes against District Attorney Hogan is frivolous and was properly dismissed. Affording an opportunity to take a polygraph test, or failing to carry out an alleged promise by a prosecutor to abide by its results can by no stretch of the imagination be elevated to a civil rights violation. Voluntary submission to such a test, even if it proved "demeaning and an indignity," hardly shows a lack of due process, nor does a breach of an alleged contract of doubtful legality, to drop a prosecution if such a test were "passed."
 
 
 10
 Nor is there any basis in the complaint for recovery on the other claims. Exhibit B annexed to the complaint makes it quite clear that Williams, the designated teacher-in-charge, was not authorized to try to force his way in, and indeed there was no authorization to delegate his authority to enter, even peaceably. The trespass arrests were therefore not illegal, and no question survives as to section 35.27, for the resistance was not to an illegal arrest.
 
 
 11
 The argument based on Dombrowski v. Pfister, 380 U.S. 479, 85 S. Ct. 1116, 14 L.Ed.2d 22 (1965) must also fail, since the prosecution was not only not in bad faith, but justified and there is no basis pleaded for a claim of a continuing threat of harassing prosecutions in the future. Cf. Powell v. Workmen's Compensation Board of State of New York, 327 F.2d 131, 137 (2d Cir. 1964). The motion to dismiss the appeal as moot is denied. The judgment dismissing the action is affirmed.