**Rita L. TOBIAS, et al., Plaintiffs,**

v.

**Hon. Vincent PIZZUTO, et al., Defendants.**

**No. 90 Civ. 2309 (JES).**

United States District Court, S.D. New York.

July 9, 1990.

Harold Klapper, New York City (Harold Klapper, of counsel), for plaintiffs.

Robert Abrams, Atty. Gen. of State of N.Y., New York City (June Duffy, of counsel), for defendants.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiffs brought this action (the "Federal Action") for preliminary and permanent injunction against two Justices of the New York Supreme Court (the "Surrogates") pursuant to, *inter alia,* 42 U.S.C. § 1983 (1982), the Fifth and Fourteenth Amendments of the United States Constitution. Currently before the Court is plaintiffs' application for a preliminary injunction.

The plaintiffs are testamentary trustees who have been sued for an accounting in that capacity by a beneficiary in *In re Besdine,* No. 5839/84, an action pending in New York Surrogate's Court in Brooklyn (the "Underlying Action"). The Underlying Action involves the construction of the will. In the Federal Action, the plaintiffs allege that the Surrogates and others have conspired to defraud plaintiffs and to violate plaintiffs' rights to due process in the Underlying Action by:

> refusing to allow plaintiffs to move for summary judgment under the CPLR of New York; brutally trying to force a settlement by plaintiffs in violation of their rights and in furtherance of cronyism; refusing to enforce a subpoena of a critical witness ...; allowing violations of the attorney-client privilege; engaging in *ex parte* communications; and, otherwise advancing a meritless legal position by ... the other party to the action, and [two successive recusals by the Surrogates].

*See* Verified Complaint at ¶ 6.

Plaintiffs allege that if the Surrogates are not enjoined from participating in the determination of the Underlying Action these due process violations will continue, and further contend that, even though exhaustion of state remedies is not a prerequisite to a federal civil rights action pursuant to § 1983, they have in fact exhausted all available state remedies.

■ The motion is denied because the plaintiffs fail to allege any facts from which any inference of fraud or conspiracy reasonably can be inferred.[1] Plaintiffs' motion papers are replete with conclusory assertions of "massive" due process violations, but fail to allege *with particularity* how the rulings of the Surrogates relate to the promotion of the alleged conspiracy. *See Powell v. Workmen's Comp. Bd. of N.Y.,* 327 F.2d 131, 137 (2d Cir.1964). Moreover, plaintiffs' allegations of fraud fall far short of the requirements of Fed.R. Civ.P. 9(b) and, in fact, the Court is unable to discern from plaintiffs' papers any of the elements of fraud claim.

---

1. Indeed, some of plaintiffs' allegations are directly contradicted by the record. For example, plaintiffs claim that they were prevented from making a motion for summary judgment, when in fact plaintiffs made such a motion and a decision was rendered by Surrogate Pizzuto on March 23, 1990, granting the motion in part and denying the motion in part. *See* Notice of Motion at Ex. F. To the extent that plaintiffs allege that errors were made in this decision, the appropriate forum for such complaints is the state appellate courts. *See Powell v. Workmen's Comp. Bd. of N.Y.,* 327 F.2d 131, 138 (2d Cir. 1964).

The plaintiffs, therefore, have failed to meet even the most basic requirement for an injunction, *i.e.*, likelihood of success on the merits or, at the very least, substantial questions going to the merits. A fortiori, plaintiffs have not come close to making the showing required to enjoin an ongoing state probate proceeding, where the issuance of such an injunction raises serious comity and abstention issues. *See Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 14–15, 107 S.Ct. 1519, 1527–1528, 95 L.Ed.2d 1 (1987); *Christ The King Reg. High Sch. v. Culvert*, 815 F.2d 219, 224 (2d Cir.) (abstention is appropriate if there is an ongoing state proceeding involving an important state interest and the federal plaintiff can obtain review of constitutional claims after the state proceedings), *cert. denied,* 484 U.S. 830, 108 S.Ct. 102, 98 L.Ed.2d 63 (1987); *cf. Lamberg v. Callahan*, 455 F.2d 1213, 1216 (2d Cir.1972) (probate proceeding is a unique state proceeding over which federal diversity jurisdiction does not exist).

## CONCLUSION

Accordingly, plaintiffs' application for an injunction is denied.

It is SO ORDERED.